IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MICHEL PAYNE,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:06CV686** |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **PETER KIEWIT SONS', INC., ROBERT EDICK, KEVIN MURRAY, and MARK JENSEN,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant, Robert Edick's, Motion to Dismiss (Filing No. 13), and the defendant, Mark Jensen's, Motion to Dismiss (Filing No. 14).

**BACKGROUND**

For purposes of this motion to dismiss, the court will base its recitation of the facts on the facts set forth in the complaint and the plaintiff's responsive pleadings[1] (Filing Nos. 1, 24, 25, 26). On August 1, 2004 the plaintiff was given the EEO policy of Peter Kiewit Sons', Inc. (Kiewit) (Filing Nos. 1, 24, 25). On August 19, 2004, the plaintiff was laid off from his employment with Kiewit (Filing Nos. 1, 24, 25). The plaintiff states that after reviewing Kiewit's EEO policy, he attempted to discover the reasons for his dismissal by calling Jim Taylor, Kiewit Construction Yard Foreman (Filing No. 24 at ¶ 3 -4). Taylor informed the plaintiff that he was laid off for budgetary reasons *Id*.

The plaintiff alleges that at some point Kiewit employee, Kevin Murray, told the plaintiff that he was not a good worker and did not care if he was a veteran or not[2] (Filing No. 1). The plaintiff states that the individual defendant, Jensen, made statements to Taylor, Edick, the Union, and the Nebraska Equal Opportunity Commission (NEOC)

---

[1] The defendants object to the plaintiff's introduction of new facts in his response to defendants' motions, but this court liberally construes pro se pleadings and defendants are not prejudiced by the use of the additional facts as even while considering the additional facts the court is inclined to grant defendants' motions.

[2] From the parties' filings, the time line of the remaining facts is not clear.

alleging that the plaintiff could not do the work that was assigned to him (Filing No. 24 at ¶ 1-3). The plaintiff states that the individual defendant, Edick, made disparaging statements about the plaintiff's work performance to the Union and the NEOC (Filing No. 25 at ¶ 1-3). Edick's comments included the statements that the plaintiff would not follow instructions and that the plaintiff did bad work (Filing No. 25 at ¶ 1-3). The plaintiff stated in his complaint that the events giving rise to his claims occurred between August 1, 2004 and September 22, 2004 (Filing No. 1). Further the plaintiff states that he was laid off while other illegal undocumented workers were allowed to continue working at the company (Filing No. 1).

On August 24, 2006, the plaintiff received a Right to Sue Notice from the EEOC (Filing No. 1). The plaintiff filed this lawsuit on November 1, 2006 (Filing No. 1). The individual defendants, Edick and Jensen, moved to dismiss all the claims against them on November 27, 2006 (Filing No. 13 & 14).

## DISCUSSION

The plaintiff raises Five Claims against the defendants.[3] The plaintiff's First and Second claims allege defamation and slander and his Third, Fourth and Fifth claims allege discrimination based on race and national origin under Title VII, the Nebraska Fair Employment Practices Act (NFEPA), and 42 U.S.C. § 1981.

**Standard of Review**

Fed. R. Civ. P. 12(b)(6) allows a party to move to dismiss a claim if it is not one "upon which relief can be granted." In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. ***Young v. City of St. Charles***, 244 F.3d 623, 627 (8th Cir. 2001); ***Schmedding v. Tnemec* Co.**, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts

---

[3] Because the claims are not clearly outlined in the plaintiff's complaint, the court takes the statement of claims from the parties Rule 26 report.

which would entitle him to relief. ***Young***, 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. ***Schmedding***, 187 F.3d at 864. Nevertheless, dismissal under Rule 12(b)(6) serves to cancel actions which contain fatal flaws in their legal premises, and thereby spare the parties to the inappropriate action the burden and expense of unnecessary pretrial and trial activities. ***Young***, 244 F.3d at 627. Therefore, to avoid dismissal, a complaint must provide allegations sufficient to state a claim as a matter of law and not merely provide legal conclusions. ***Id.***

### 1.     Defamation/Slander

Edick and Jensen move to dismiss the plaintiff's claims of defamation and slander as against them. In their brief, the defendants argue that the claims should be dismissed because they are untimely, the plaintiff has failed to establish the elements of the offense, and that any communications about the plaintiff were protected by privilege.

A claim of defamation requires (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. ***Norris v. Hathaway***, 5 Neb.App. 544, 561 N.W.2d 583 (1997). Neb. Rev. Stat. § 25-208 states that "an action for libel must be brought within one year from the date of the publication of the defamatory matter upon which the action is based."

The plaintiff claims that Jensen committed defamation and slander by informing the NEOC that the plaintiff "couldn't do the work," making false statements to Edick and Taylor alleging that the plaintiff could not do his assigned work, and by making false statements to the Union. The plaintiff further claims that Edick committed defamation and slander by stating to the NEOC that plaintiff "would not follow instructions" and that plaintiff "did bad work," and by making false statements to the Union alleging that plaintiff was a poor worker and would not follow instructions.

3

While the exact dates that the defendants made the alleged defamatory statement are not identified by either party, the plaintiff states in his complaint that the events giving rise to his claims occurred between August 1, 2004 and September 22, 2004. Furthermore, the statements made to coworkers and the Union appear to be made prior to the plaintiff's termination on August 19, 2004. Therefore, because these statements were made in 2004, and the plaintiff did not file the instant civil law suit until November 1, 2006, he is not within the one year statute of limitations set forth in Neb. Rev. Stat. § 25-208, and his claims are untimely as to the statements made by Jensen to Edick, Taylor and the Union and Edick's statements to the Union.

The NEOC investigation was ongoing until August 25, 2006, when the plaintiff received his notification of determination of rights. Therefore, it is not clear at what time during the investigation the defendants made the alleged defamatory statements to the NEOC. Nevertheless, statements made by the defendants to the NEOC regarding the plaintiff's work performance were privileged and cannot form the basis of a claim for defamation. Under Nebraska law there is an absolute privilege granted to parties in judicial and quasi-judicial proceedings and that privilege applies to defamatory statements made incident to the proceedings if the defamatory matter has some relation thereto. ***Knight v. Knight***, 1 Neb. App. 430, 433, 497 N.W.2d 692, 693 (1992); ***Beckenhauer v. Predoehl***, 215 Neb. 347, 338 N.W.2d 618 (1983); ***Sinnett v. Albert***, 188 Neb. 176, 195 N.W.2d 506 (1972). And indeed, EEOC and NEOC proceedings are quasi-judicial in nature. **See, e.g.** ***Shabazz v. PYA Monarch, LLC***, 271 F. Supp.2d 797, 803 (E.D. Va. 2003) ("proceedings before the EEOC are quasi-judicial in nature, warranting the application of the privilege"); ***Allen v. St. Cabrini Nursing Home, Inc.***, 2001 WL 286788, at *6 (S.D.N.Y. Mar. 9, 2001) ("Statements submitted to administrative agencies are protected by absolute privilege"); ***Stith v. Chadbourne & Parke, LLP***, 160 F. Supp.2d 1, 8 (D.D.C. 2001) (statements made by defendant to the EEOC, whether preliminary to a quasi-judicial proceeding or part of such a proceeding, are absolutely privileged and cannot form the basis of a claim for defamation); ***Hurst v. Jiffy Lube***, 2000 WL 1790112, at *5, 2000 (E.D. Pa. Dec. 6, 2000) ("The privilege has generally been extended to statements made during quasi-judicial proceedings, such as EEOC proceedings, because such proceedings are initiated in the

regular course of preparing for contemplated proceedings in the employment discrimination context"). Accordingly, the claims of defamation and slander as against defendants, Edick and Jensen are dismissed.

### 2.      Title VII and Nebraska Fair Employment Practice Act claims

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." **42 U.S.C. § 2000e-2(a)(1).** Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." ***Brower v. Runyon***, 178 F.3d 1002, 1005 (8th Cir. 1999). "Nebraska courts look to federal decisions when construing the NFEPA because the NFEPA is patterned after Title VII." ***See, e.g., Malone v. Eaton Corp.***, 187 F.3d 960, 962 n.3 (8th Cir. 1999) (sex discrimination under Title VII and NFEPA).

As the defendants argue, the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII." ***Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.***, 121 F.3d 446, 447 (8th Cir. 1997) (**citing *Spencer v. Ripley County State Bank***, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)). Therefore, the Title VII and NEFPA claims against Edick and Jensen are dismissed.[4]

### 3.      42 U.S.C. § 1981

Finally, the defendants argue that the plaintiff's § 1981 claims against Edick and Jensen should be dismissed because the plaintiff failed to allege facts demonstrating that the defendants interfered with the plaintiff's right to make or enforce a contract on the basis of any protected category. The plaintiff counters that he has facts that are sufficient to state

---

[4] In the plaintiff's responses to defendants' motions to dismiss he argues that he is claiming age discrimination. Plaintiff does not state that he is claiming age discrimination in his complaint or the parties Rule 26 report. Nevertheless, under the ADEA an individual is not an "employer" and cannot be held individually liable. ***Medina v. Ramsey Steel Co.***, 238 F.3d 674, 686 (5th Cir. 2001).

5

an actionable claim for a violation of § 1981 because the plaintiff was "wrongfully terminated and discriminated based on his race, since Kiewit Company has a long history of hiring blacks only in small numbers."

To establish a prima facie case of race discrimination under § 1981, the plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was discharged; and (4) his discharge occurred in circumstances giving rise to an inference of unlawful discrimination. ***Johnson v. AT & T Corp.***, 422 F.3d 756, 761 (8th Cir. 2005).

This court has not found any Eighth Circuit Court of Appeals decision settling the question of individual liability on claims under § 1981 for courts in this Circuit. However, other courts have held that supervisory employees can be held individually liable on at least some kinds of race discrimination claims pursuant to § 1981. ***See, e.g., Patterson v. County of Oneida, New York***, 375 F.3d 206, 226 (2d Cir. 2004) ( "[A]lthough . . . Title VII claims are not cognizable against individuals, individuals may be held liable under §§ 1981 and 1983 for certain types of discriminatory acts, including those giving rise to a hostile work environment.") (citing cases); ***Allen v. Denver Pub. Sch. Bd.***, 928 F.2d 978, 983 (10th Cir. 1991) (an individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct), overruled on other grounds, ***Kendrick v. Penske Transp. Servs., Inc.***, 220 F.3d 1220, 1228 (10th Cir. 2000); ***Johnson v. Chapel Hill Indep. Sch. Dist.***, 853 F.2d 375, 381 (5th Cir. 1988) ("A supervisor can be held personally liable for violations of § 1981 and § 1983 only upon proof that he intentionally discriminated against the plaintiff"); ***Al-Khazraji v. Saint Francis College***, 784 F.2d 505, 518 (3d Cir. 1986), **aff'd on other grounds**, 481 U.S. 604 (1987) ("Individuals may be held liable under § 1981 for their personal involvement in discrimination if they authorized, directed, or participated in the alleged discriminatory conduct").

However, even assuming that individuals can be found liable under § 1981, the plaintiff has failed to set forth any factual allegations in his complaint linking the individual defendants, Edick and Jensen, to any discriminatory conduct based on the plaintiff's race. Accordingly, as the complaint stands the plaintiff has failed to state a claim upon which

relief can be granted. The court, however, will give the plaintiff 20 days to amend his complaint and cure its deficiencies in the event that he is able to do so.

**IT IS ORDERED:**

1. That the defendants' motions to dismiss (Filing Nos. 13 &14) are granted in part as to the plaintiff's claims for defamation, slander, and racial discrimination under Title VII and the NEFPA.

2. The plaintiff is given until **April 19, 2007**, to amend his complaint at which time the court will rule on the motions to dismiss on the plaintiff's § 1981 claims as against the individual defendants Edick and Jensen.

3. The Clerk of Court is directed to send a copy of this Order to plaintiff at his last known address.

DATED this 3rd day of April, 2007

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge