IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHEL PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV686 |
| | ) | |
| v. | ) | |
| | ) | |
| PETER KIEWIT SONS', INC., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff, Michel Payne's, Response to the Motion to Dismiss Robert Edick (Filing No. 13) and Motion to Dismiss Mark Jensen (Filing No. 14) and Amended Complaint (Filing No. 46), and the defendants' Brief in Opposition to Plaintiff's Response (Filing No. 47).

## FACTUAL BACKGROUND

On April 3, 2007, the court entered an order granting defendants, Robert Edick's and Mark Jensen's, motions to dismiss with regard to the plaintiff's claims for defamation, slander and racial discrimination under Title VII and the NEFPA. The court also found the plaintiff had failed to state a claim against the individual defendants with respect to the claim under 42 U.S.C. § 1981. However, the court held the motions in abeyance giving the plaintiff until April 19, 2007, to amend the compliant to provide additional allegations, if appropriate, linking the individual defendants to any discriminatory conduct based on the plaintiff's race. The plaintiff did not file an amended complaint by April 19, 2007. Accordingly, on April 20, 2007, the court entered an Order dismissing the plaintiff's § 1983 claims against the individual defendants Edick and Jensen. On that same day, the plaintiff filed a document titled Response to Defendant's Motion to Dismiss and Amended Complaint. While the plaintiff's April 20, 2007 response was untimely, the court will accept the filing. Accordingly, the court will vacate its April 20, 2007 Order and decide the validity of the plaintiff's § 1983 claim based on his Response to the Motion to Dismiss and the defendants' Opposition to the Plaintiff's Response (Filing Nos. 46 & 47).

## DISCUSSION

In his response to the Motion to Dismiss the plaintiff argues that his claims should not be dismissed because "[p]laintiff's claims of discrimination based upon race, as displayed by both Defendant Jensen and Edick have been established to the satisfaction of at least one outside agency (EEOC) and, as such includes consideration and assessment of factual allegations against Defendants. EEOC's decision to provide a right to sue letter is evidence that Plaintiff has a valid discrimination complaint." The defendants counter that plaintiff's response is not sufficient because it does not constitute an amended complaint, it was not filed within the court's April 19, 2007 deadline, and the allegations contained in the Response do not rise to the level of stating a claim under § 1981.

The court agrees that the plaintiff's Response to the Motion to Dismiss and Amended Complaint has not stated a claim for which relief can be granted under § 1981. As the court stated previously in its Order partially granting the defendants Motions to Dismiss, for an individual to be held liable for a § 1981 claim the plaintiff must set forth some factual allegations in his complaint linking the individual defendants, Edick and Jensen, to discriminatory conduct based on the plaintiff's race. **See, e.g., Patterson v. County of Oneida, New York**, 375 F.3d 206, 226 (2d Cir. 2004) ( "[A]lthough ... Title VII claims are not cognizable against individuals, individuals may be held liable under §§ 1981 and 1983 for certain types of discriminatory acts, including those giving rise to a hostile work environment.") (citing cases); **Allen v. Denver Pub. Sch. Bd.**, 928 F.2d 978, 983 (10th Cir. 1991) (an individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct), overruled on other grounds, **Kendrick v. Penske Transp. Servs., Inc.**, 220 F.3d 1220, 1228 (10th Cir. 2000); **Johnson v. Chapel Hill Indep. Sch. Dist**., 853 F.2d 375, 381 (5th Cir. 1988) ("A supervisor can be held personally liable for violations of § 1981 and § 1983 only upon proof that he intentionally discriminated against the plaintiff"); **Al- Khazraji v. Saint Francis College**, 784 F.2d 505, 518 (3d Cir. 1986), aff'd on other grounds, 481 U.S. 604 (1987) ("Individuals may be held liable under § 1981 for their personal involvement in discrimination if they authorized, directed, or participated in the alleged discriminatory conduct"). Here, the plaintiff has simply failed to set forth any allegations that Edick and

Jensen intentionally discriminated against the plaintiff based on his race.  Moreover, the EEOC's decision to provide the plaintiff with a right to sue letter does not establish that plaintiff has a valid claim of discrimination.  Rather, the EEOC issues the charging party a right to sue letter if the case is not deemed appropriate for EEOC litigation.  ***See, e.g., Hanenburg v. Principal Mut. Life Ins. Co.***, 118 F.3d 570 (8th Cir. 1997).  This notice is necessary in order for the plaintiff to proceed with a private lawsuit.  A Notice of Right to Sue may be issued by the EEOC at the following times:  (1) where there is a finding of lack of jurisdiction or any other administrative closure; (2) where the charging party requests such a letter before the completion of the administrative process, (3) where a finding of "no reasonable cause" is entered, or (4) after a finding of reasonable cause is made and conciliation measures fail.  42 U.S.C.A. § 2000e-5(f)(1).  Therefore, the issuance of this letter does not establish a claim of racial discrimination.  Accordingly,

**IT IS ORDERED:**

1. The Court's April 20, 2007 Order (Filing No. 45) is vacated;

2. The defendants' motions to dismiss (Filing Nos. 13 &14) are granted as to the plaintiff's claims under 42 U.S.C. § 1981.  Therefore, all claims against the individual defendants Edick and Jensen are hereby dismissed.

3. The Clerk of Court is directed to send a copy of this Order to plaintiff at his last known address.

DATED this 25th day of April, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge