IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHEL PAYNE, ) | |
| ) | |
| Plaintiff, ) | 8:06CV686 |
| ) | |
| v. ) | |
| ) | ORDER |
| PETER KIEWIT SONS', INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Contractor Labor Local 1140's (the Union) Motion to Consolidate Actions for Trial (Filing No. 55). The Union seeks to consolidate the above-captioned matter (Kiewit Lawsuit) with ***Michel Payne v. Contractor Labor Local 110***, case number 8:06CV685 (Union Lawsuit). Peter Kiewit Sons', Inc. (Kiewit) filed a brief (Filing No. 56) in opposition to the Union's motion. The Union filed a reply brief (Filing No. 57). The plaintiff did not participate in briefing the motion.

## BACKGROUND

On November 1, 2006, the plaintiff filed both the Kiewit Lawsuit and the Union Lawsuit alleging claims for unlawful discrimination and violations of his civil rights. Both lawsuits include claims arising under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101 to 48-1126. However, the plaintiff also alleges claims for defamation and slander in the Kiewit Lawsuit and for retaliation in the Union Lawsuit. The factual background for each lawsuit is described below.

**A.   Kiewit Lawsuit**

In the plaintiff's complaint against Kiewit, the plaintiff alleges the conduct giving rise to the Kiewit Lawsuit occurred between August 1, 2004 and September 22, 2004. The plaintiff alleged:

> On August 1, 2004, I was given a memorandum from
> the Equal Opportunity policy of [Kiewit] and my rights.

> On August 19, 2004, I was laid off from [Kiewit] by a carpenter's foreman. This wrongful layoff was a result of my never having been informed as to why I was laid off. On September 22, 2004, I called Jim Taylor, Kiewit Yard Foreman regarding the lay-off. He claimed it as a budgetary move. . . . While they were laying me off, they retained at least three illegal immigrants at the job site. . . . I was nevertheless the only employee laid off.
>
> In attempting to justify the lay-off, Kiewit spokespersons claimed that I was not a good worker and was difficult to get along with. They added the claim that I wouldn't follow instructions. Kevin Murray told me I was not a good worker and did not care if I was a veteran or not. I asked Murray if he intended on calling me back to work. I was later informed by a union rep that my name was still at the top of the list, but he added that Kiewit did not want me back at the Company.
>
> At no time has Kiewit, in writing or verbally, ever made such statements to me directly. These false statement, defamatory and slanderous claims were made to justify their unfair layoff and the charges are of the type that would make a bystander believe that I was a poor employee. All of these false statement[s] from Kieweit, just so happen to be the grounds for immediate dismissal.

**See** Filing No. 1, in case no. 8:06CV686.

**B.    Union Lawsuit**

In the plaintiff's complaint against the Union, the plaintiff alleges the conduct giving rise to the Union Lawsuit occurred between August 1, 2004 and October 6, 2004. The plaintiff alleged:

> On August 20, 2004, I signed up for out of work list at [the Union].
>
> On October 6, 2004, I called [the Union] and talked with Tammi Tietsort, Training Fund Apprenticeship Program. On the same day, I talked with Tom Mercer, Business Manager for [the Union]. He told me that [Kiewit] did not want me back because I made complaints regarding my layoff. This constitutes retaliation. . . .
>
> The Union began offering me menial jobs retaliating because I expressed my concerns about their discriminatory practices in regard to my layoff.

> I was not hired back after [Kiewit] issued a request for laborers. I was overlooked because I made complaints regarding my layoff, so the Union retaliated against me because of the airing of these concerns.
> I was the only apprentice being investigated by the Union. They claimed I was the only one "denying jobs." I feel I was being more closely scrutinized by the Union than my white co-workers.

**See** Filing No. 1, in case no. 8:06CV685.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual. The consent of the parties is not required by the rule." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure:* Civil 2d § 2383 (1995). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The court must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

The Union contends there are common factual and legal questions making consolidation of the Union Lawsuit and the Kiewit Lawsuit more efficient for the parties and

the court than conducting discovery and the trials separately.  Specifically, the Union states common factual concerns are (1) whether Kiewit informed the Union that Kiewit did not want to work with the plaintiff due to the plaintiff's expression of discrimination concerns; (2) whether Kiewit failed to select the plaintiff based on the plaintiff's complaints of discriminatory practices; (3) whether the Union could do anything about Kiewit's layoff and refusal to rehire the plaintiff; and (4) whether the plaintiff would have been selected based on his failure to meet either Kiewit's or the apprentice program's standards.  **See** Filing No. 57, p. 1-2.  The Union argues there are common burdens on proof on Title VII and the jury instructions in the two cases would be mirror images.  The Union argues that "[w]hile there is a distinct possibility of some confusion on who is liable for what, judicial economy . . . control[s]."  **See** Filing No. 57, p. 2.  However, the Union argues possible prejudice can be cured by carefully drafted jury instructions.  Finally, the Union seeks to prevent inconsistent verdicts.

In contrast, Kiewit asserts the factual and legal differences between the two lawsuits are greater than any commonality.  Kiewit contends the background facts for each lawsuit are "wholly unrelated" and a "good deal of the evidence relating to each of the . . . cases [is] likely irrelevant to the other case."  **See** Filing No. 56, p. 5.  Additionally, Kiewit argues any benefit on combining the cases would be outweighed by prejudice to the parties because the jurors may become confused about which party was responsible for which alleged misconduct.  Further, Kiewit contends a finding by the jury of retaliation by the Union would serve to prejudice the evaluation of the evidence against Kiewit.

The court finds there is a connection between the Kiweit Lawsuit and the Union Lawsuit beyond the facts that the cases were filed on the same date, by the same plaintiff. However, any of the issues of fact or law shared by the cases will not overcome the real possibility of prejudice to the parties caused by consolidation.  There are clearly some factual issues or witnesses to the events underlying the plaintiff's claims which overlap into both matters, however the number of differences exceed the concurrent issues. Additionally, consolidation of the cases for trial will not promote judicial economy, but the court believes consolidation would lead to inconvenience, inefficiency, or unfair prejudice. Therefore, pursuant to Fed. R. Civ. P. 42(a), ***Michel Payne v. Contractor Labor Local***

4

*1140*, case number 8:06CV685 and ***Michel Payne v. Peter Kiewit Sons', Inc.***, case number 8:06CV686, will not be consolidated for any purposes. In any event, the parties are encouraged to do their best to coordinate any discovery which may overlap in these cases, rather than duplicate such discovery efforts. Upon consideration,

**IT IS ORDERED:**

Contractor Labor Local 1140's Motion to Consolidate Actions for Trial (Filing No. 55) is denied.

DATED this 29th day of June, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge